UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KASEY KARAISARIDIS, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| RED PANDA ASIAN BISTRO INC. d/b/a LOBSTER HOUSE, SAM CHENG and MAY CHENG, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

NATURE OF THE ACTION

1.     Plaintiff Kasey Karaisaridis worked as a server for Defendant Red Panda Asian Bistro Inc. d/b/a Lobster House, Sam Cheng and May Cheng (collectively, "Defendants") at their seafood restaurant from February 2019 to May 31, 2019.

2.     Plaintiff Karaisaridis alleges on her behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (v) failing to provide proper wage statements under N.Y. Lab. Law § 195.3, and (vi) unlawfully retaining gratuities.

3.     Plaintiff Karaisaridis alleges on her behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by unlawfully retaining gratuities.

4.     Plaintiff Karaisaridis asserts individual FLSA and Labor Law retaliation claims against Defendants.

<u>JURISDICTION AND VENUE</u>

5.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Karaisaridis' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Karaisaridis' FLSA claims under 29 U.S.C. § 216(b).

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

7.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

8.     Plaintiff Karaisaridis was, at all relevant times, an adult individual residing in Queens, New York.

9.     Upon information and belief, Defendant Lobster House is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

10.     Upon information and belief, Defendants employ more than 11 employees.

11.     Defendant Lobster House is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Lobster House is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of

business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food and beverages.

12.    Defendant Sam Cheng, upon information and belief, owns, operates and controls Defendant Lobster House's day-to-day operations and management and jointly employed Plaintiff Karaisaridis and other similarly situated employees at all relevant times.

13.    Defendant May Cheng, upon information and belief, operates and controls Defendant Lobster House's day-to-day operations and management and jointly employed Plaintiff Karaisaridis and other similarly situated employees at all relevant times.

14.    Each Defendant, either directly or indirectly, has hired and fired Plaintiff Karaisaridis and other employees, controlled Plaintiff Karaisaridis' work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

<u>STATEMENT OF FACTS</u>

15.    Defendants operate and manage a seafood restaurant in Rego Park, Queens County, New York.

<u>Duties Performed and Hours Worked</u>[1]

16.    Defendants employed Plaintiff Karaisaridis as a server from in or about February 2019 to May 31, 2019.[2]

17.    As a server, Plaintiff Karaisaridis was responsible for bringing food and beverages to the customers and making beverages. Defendants, in addition, required her

---

[1] These subject lines are included only for organizational purposes.
[2] The date ranges are estimates based on Plaintiff Karaisaridis' memory.

to spend approximately 1.5 to 2.5 hours each work day performing non-tipped duties, including but not limited to, cleaning the chairs, cleaning the bar, restocking the refrigerator, cleaning the window sills, cleaning the booths, and cleaning pitchers.

18.     Throughout her employment, Plaintiff Karaisaridis often worked in excess of 40 hours per week.

19.     Plaintiff Karaisaridis' scheduled hours were from 6:30 p.m. to 12:00 a.m., six days per work, totaling 33 hours per week.

20.     Defendants, however, regularly required Plaintiff Karaisaridis to work longer than her 33-hour regular schedule. During the first month of her employment, Defendants required her to work from approximately 3:00 p.m. to 1:00 a.m. or 2:00 a.m. approximately three days per week, and from approximately 6:30 p.m. to 1:00 a.m. or 2:00 a.m. approximately three days per week, totaling 49.5 to 55.5 hours per week. Thereafter, Defendants regularly required Plaintiff Karaisaridis to work from 6:30 p.m. to 1:00 a.m. or 2:00 a.m., five days per week, and from approximately 6:30 p.m. to 12:00 a.m. one day per week, totaling 38 to 43 hours per week.

21.     Defendants did not provide Plaintiff Karaisaridis with a meal break.

22.     From reviewing the schedule, speaking with them and personal observations, Plaintiff Karaisaridis knows that other servers were, like her, regularly required to work more than 40 hours in a week.

Hourly Rate, Gratuities, Spread-of-Hours, Overtime

23.     Plaintiff Karaisaridis regularly received tips from customers.

24.     Throughout her employment, Defendants paid Plaintiff Karaisaridis

$13.00 per hour, which is below the Labor Law's statutory minimum wage.[3]

25. When Plaintiff Karaisaridis worked more than 40 hours per week, Defendants paid her at the overtime rate of $19.50: $13.00 x 1.5.

26. For employers, who are located in New York City, who have more than 11 employees, who are paying their employees at the minimum wage and not claiming a tip credit, the minimum overtime rate in 2019 is 1.5 x the statutory minimum wage or $22.50.

27. Defendants paid Plaintiff Karaisaridis below the minimum wage because, upon information and belief, she was a tipped employee and they took a tip credit: this credit means an employer can pay its tipped employees lower than the statutory minimum wage, provided certain conditions are met.

28. Defendants did not meet the necessary conditions to claim a tip credit against her hourly rate.

29. Defendants never informed Plaintiff Karaisaridis or other servers that they were taking a tip credit: they did not inform them of this verbally or on any wage statement or notice.

30. Defendants were not permitted to take a tip credit because Plaintiff Karaisaridis' non-tipped duties exceeded 20% or 2 hours, whichever is less, of each work day.[4]

31. Defendants discouraged customers from tipping Plaintiff Karaisaridis and other servers by including the following language on their menu:

---

[3] https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited June 6, 2019)
[4] 12 N.Y.C.R.R. § 146-2.9.

An automatic 15% Service Charge will be added to the bill. Gratuity is not required when dining at Lobster House. Our servers get paid a fair wage so please do not feel obligated to leave a tip. The 15% Service Charge is not a gratuity and is not distributed to service staff, but is used to cover operating and administrative expenses. This service charge is taxable.

32.     The 15% service charge is consistent with what a reasonable person would leave as a gratuity.

33.     Defendants also included the following language at the top of their menu: "tips are not required."

34.     The combination of the "tips are not required" language and the disclosure on the menu would confuse the reasonable person as to whether the 15% service charge is being remitted to the service staff.

35.     Plaintiff Karaisaridis did not receive any portion of the service charge that Defendants charged their customers.

36.     Defendants required Plaintiff Karaisaridis to pool her tips with other servers and bussers, as well as with Defendant May Cheng, who is a manager with the authority to hire and fire employees and who sets employees' schedules (the "Tip Pool").

37.     Defendants required Plaintiff Karaisaridis and the other Tip Pool members to place all of their cash tips in a jar at the end of each day, and to take the amount of money they received in credit card tips out of the cash register and place it in the tip jar.

38.     At the end of each work day, the bussers were each given 10% of the tips in the Tip Pool, and the rest of the tips were distributed equally among the servers and Defendant May Cheng.

39.     Plaintiff Karaisaridis and the other employees who participated in the Tip

Pool kept track of the total amount of tips they received from the customers. They regularly compared how much they collectively received from the customers versus how much they collectively received from the Tip Pool, and there was regularly a short fall. Defendants, upon information and belief, retained a portion of the tips that the employees received from the customers.

40.     Plaintiff Karaisaridis complained to Defendants about Defendant May Cheng participating in the Tip Pool because she was a manager. Defendants, thereafter, added Defendant May Cheng to the employees' work schedule in order to, upon information and belief, give the appearance that she was an employee who was permitted to participate in the Tip Pool, when, in reality, she was not.

41.     Defendants did not keep track of the amount of tips each employee received each day.

42.     For the days she worked more than ten hours, Defendants did not pay Plaintiff Karaisaridis an extra hour at the statutory minimum wage, which is referred to as "spread-of-hours pay."

Labor Law Notice Violations

43.     Defendants did not provide Plaintiff Karaisaridis or the other servers the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

44.     Defendants did not provide Plaintiff Karaisaridis or other servers with a wage statement with each payment of wages that complied with N.Y. Lab. Law § 195.3. Defendants, instead, provided Plaintiff Karaisaridis with various wage statements, some of which did not contain Lobster House's phone number or list her pay rate, while others

fail to identify any allowances being taken, including the tip credit.

45.    From speaking with them, Plaintiff Karaisaridis knows that other waiters and bussers at Defendants' restaurant were, like her, paid below the statutory minimum wage, were not paid the proper overtime rate, shared tips with Defendant May Cheng, were not given the required Labor Law notices, were not paid spread-of-hours pay, and spent 20% or more of their time performing non-tipped work.

Retaliation

46.    Throughout her employment, Plaintiff Karaisaridis regularly complained to Defendants about their illegal tip practices.

47.    Starting in May 2019, Plaintiff Karaisaridis specifically complained to Defendants about Defendant May Cheng participating in the Tip Pool.

48.    On June 3, 2019, Defendants fired Plaintiff Karaisaridis for complaining about Defendant May Cheng participating in the Tip Pool.

CLASS ACTION ALLEGATIONS

49.    Plaintiff Karaisaridis asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were servers and other comparable tipped positions with different titles, including "busser," "waiter," "runner," or "waitress" at any time since June 28, 2013 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

50.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole

control, upon information and belief, more than 50 Class Members exist.

51.     Plaintiff Karaisaridis' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

52.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

53.     Plaintiff Karaisaridis is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

54.     Plaintiff Karaisaridis has the same interest in this matter as all other Class Members and her claims are typical of Class Members'.

55.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

        a.      whether Defendants employed Plaintiff Karaisaridis and the Class Members within the meaning of the Labor Law;

        b.      whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Karaisaridis and the Class Members;

        c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed or refused to pay the Class Members overtime premium pay and spread-of-hours pay for all hours worked in excess of 40 hours per workweek;

e. whether Defendants gave Plaintiff Karaisaridis and the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and 2.2 requires;

f. whether Plaintiff Karaisaridis and the Class Members performed non-tipped duties for more than 20% or 2 hours, whichever is less, of each workday;

g. whether Defendants can avail themselves of a tip credit and pay Plaintiff Karaisaridis and the Class Members less than the statutory minimum wage;

h. whether Defendants maintained adequate records of the tips that Plaintiff Karaisaridis and the Class Members received;

i. whether Defendants withheld tips or gratuities under the Labor Law, violating N.Y. Lab. Law § 196-d;

j. whether Defendants failed to provide Plaintiff Karaisaridis and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

k. whether Defendants failed to provide Plaintiff Karaisaridis and the Class Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

l. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Karaisaridis and the Class Members are employed;

m.    whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

n.    whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

56.    Under 29 U.S.C. § 206, Plaintiff Karaisaridis seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were servers and other comparable tipped positions with different titles, including "waiter," "waitress," "runner," or "busser" at any time since June 28, 2016 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

57.    Plaintiff Karaisaridis and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.    Defendants employed the Collective Action Members within the meaning of the FLSA;

b.    Collective Action Members performed similar duties;

c.    Defendants failed to keep true and accurate time records for all hours Plaintiff Karaisaridis and the Collective Action Members worked;

d.    Defendants willfully or recklessly violated the FLSA;

e.    Defendants withheld tips or gratuities from Plaintiff Karaisaridis and the Collective Action Members;

f.    Defendants should be enjoined from such violations of the FLSA in the future; and

g.     The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Karaisaridis and the Class Action Members)

58.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

59.     Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Karaisaridis and the Class Members.

60.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Karaisaridis and the Class Members.

61.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Karaisaridis and the Class Members the statutory minimum wage.

62.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

63.     Defendants paid Plaintiff Karaisaridis and the Class Members below the statutory minimum wage.

64.     Defendants were not eligible to take a tipped credit and pay Plaintiff Karaisaridis and the Class Action Members below the statutory minimum wage under 12

N.Y.C.R.R. §§ 137-2.1, 2.2 and 12 N.Y.C.R.R. §§ 146-2.2, 2.9 because Defendants failed to inform Plaintiff Karaisaridis and the Class Action Members of the provisions of the Labor Law's tip credit provisions, Defendants retained a portion of Plaintiff Karaisaridis and the Class Action Members' tips, and Plaintiff Karaisaridis and the Class Action Members spent 2 hours or more than 20%, whichever is less, of each work day performing non-tipped duties.

65.     Defendants are accordingly liable to Plaintiff Karaisaridis and the Class Action Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

66.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Karaisaridis and the Class Members the minimum wage.

67.     Due to Defendants' Labor Law violations, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Karaisaridis and the Class Members)

68.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

69.     Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Karaisaridis and the Class Members.

70.     Under the Labor Law and supporting New York State Department of

Labor Regulations, Defendants were required to pay Plaintiff Karaisaridis and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

71.     Defendants failed to pay Plaintiff Karaisaridis and the Class Members the overtime wages to which they were entitled, violating N.Y. Lab. Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

72.     Under the Labor Law, when paying tipped employees for hours they worked over 40 in a week, an employer is required to multiply the regular rate of pay by one and one-half and then subtract the tip credit.

73.     When paying Plaintiff Karaisaridis and the Class Members for any hour they worked over 40 in a week, Defendants first subtracted the tip credit from the minimum wage and then multiplied the reduced rate by one and one-half, violating the Labor Law.

74.     Because Defendants are not permitted to claim a tip credit, they were required to pay Plaintiff Karaisaridis and the Class Members at an overtime at a rate of the statutory minimum wage x 1.5.

75.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Karaisaridis and the Class Members the correct amount of overtime wages.

76.     Due to Defendants' Labor Law violations, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.  N.Y. Lab. Law § 663.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY SPREAD-OF-HOURS PAY
## UNDER THE NEW YORK LABOR LAW
### (On Behalf of Plaintiff Karaisaridis and the Class Members)

77.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

78.     Defendants willfully failed to pay Plaintiff Karaisaridis and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

79.     By their failure to pay Plaintiff Karaisaridis and the Class Members spread-of-hours pay, Defendants have willfully violated the N.Y. Lab. Law Article 19, §§ 650, *et seq*. and the supporting New York State Department of Labor Regulations.

80.     Due to Defendants' Labor Law violations, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## UNLAWFULLY RETAINED GRATUITIES UNDER THE FLSA
### (On Behalf of Plaintiff Karaisaridis and the Collective Action Members)

81.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

82.     Defendants willfully violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining a portion of the gratuities that should be remitted to the Collective Action Members.

83.     Due to Defendants' violations of the FLSA, Plaintiff Karaisaridis and the

Collective Action Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FIFTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Karaisaridis and the Class Members)

84.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

85.     Defendants willfully violated the N.Y. Lab. Law § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to the Class Members.

86.     Due to Defendants' violations of the Labor Law, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Karaisaridis and the Class Members)

87.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

88.     Defendants willfully failed to supply Plaintiff Karaisaridis and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

89.     Due to Defendants' violations of N.Y. Lab. Law § 195.1 through February 26, 2015, Plaintiff Karaisaridis and the Class Members are entitled to recover from

Defendants $50.00 for each work week that the violations occurred or continue to occur or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2014).

90.     Due to Defendants' violations of N.Y. Lab. Law § 195.1 on or after February 27, 2015, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Karaisaridis and the Class Members)

91.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

92.     Defendants willfully failed to supply Plaintiff Karaisaridis and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab. Law § 195.3.

93.     Due to Defendants' violations of N.Y. Lab. Law § 195.3 on or after February 27, 2015, Plaintiff Karaisaridis and the Class Members are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

## EIGHTH CAUSE OF ACTION
## RETALIATION UNDER THE FLSA
### (On Behalf of Plaintiff Karaisaridis)

94.     Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

95.     Plaintiff Karaisaridis is an employee under 29 U.S.C. § 215(a)(3).

96.     Defendants are employers under 29 U.S.C. § 215(a)(3).

97.     Plaintiff Karaisaridis' complaint about Defendant May Cheng participating in the Tip Pool constitutes a protected activity under the FLSA.

98.     Defendants fired Plaintiff Karaisaridis for complaining about Defendant May Cheng participating in the Tip Pool, violating 29 U.S.C. § 215(a)(3).

99.     Due to Defendants' violations of the FLSA, Plaintiff Karaisaridis is entitled to recover from Defendants compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION
## RETALIATION UNDER THE LABOR LAW
### (On Behalf of Plaintiff Karaisaridis)

100.    Plaintiff Karaisaridis realleges every preceding allegation as if set forth fully herein.

101.    Plaintiff Karaisaridis is an employee under N.Y. Lab. Law § 215.

102.    Defendants are employers under N.Y. Lab. Law § 215.

103.    Plaintiff Karaisaridis' complaints about Defendant May Cheng participating in the Tip Pool constitutes protected activity under the Labor Law.

104.    Defendants fired Plaintiff Karaisaridis for complaining about Defendant

May Cheng participating in the Tip Pool, violating N.Y. Lab. Law § 215.

105.     Due to Defendants' violations of the Labor Law, Plaintiff Karaisaridis is entitled to recover from Defendants punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Karaisaridis, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Karaisaridis and her counsel to represent the Class Members;

b.     Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Karaisaridis and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.       An award for unpaid overtime premium pay under the Labor Law and the FLSA;

f.       An award for unpaid spread-of-hours pay under the Labor Law;

g.       An award for unlawfully retained gratuities under the Labor Law and the FLSA;

h.       An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

i.       An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

j.       An award of liquidated damages as a result of Defendants' Labor Law violations;

k.       An award of liquidated damages as a result of Defendants' willful FLSA violations;

a.       An award of compensatory damages and punitive damages under the Labor Law and FLSA for Defendants' retaliatory conduct.

b.       Equitably tolling the statute of limitations under the FLSA;

c.       An award of pre-judgment and post-judgment interest;

d.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.       Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Karaisaridis demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
June 28, 2019

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Sara Isaacson
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
sara@lipskylowe.com