**HUI CHEN & ASSOCIATES, P L L C**

COUNSELLORS AT LAW

1345 AVENUE OF THE AMERICAS 33FL

NEW YORK, NY 10105

- - -

TELEPHONE: (718) 463-2666

TELECOPIER: (718) 463-2555

E-MAIL: hui.chen@alum.cardozo.yu.edu

HUI CHEN*
NATELLA VINNIKOV*

---

*ALSO ADMITTED IN NEW JERSEY

writer's e-mail:
hchen@yu.edu

January 23, 2024

*Via* **ECF**

The Honorable Vera M. Scanlon, Magistrate Judge
United States Distrcit Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201
Courtroom: 13A- South Wing

**Re: *Karaisaridis v. Red Panda Asian Bistro, Inc., et al*, 1:19-cv-03780 (ENV) (VMS)**

Your Honor,

This office represents Defendants in the above-referenced matter. We write to you regarding Your Honor's Individual Practices to request a pre-motion conference for a summary judgment in the above matter.

**I.        Bases for the Anticipated Motion**

This case concerns two different questions. First is whether the Defendant's provided adequate notice to the only plaintiff Niquan Wallace, as contemplated by the respective FLSA and New York labor laws, for each of wage statements, pay rate and pay day notices, spread of hours pay, minimum wage statu. The claim also questions Defendant's failure to pay for overtime hours and Defendant's eligibility to retain tip credits and provide notice under the FLSA. Collectively, these are the wage claims.

Second, Plantiff raises retaliation claims under both federal and state law arising from Defendant's conduct in assigning him according to a raffle system where he spent a significant amount of time in the upstairs portion of the restaurant, i.e., with less opportunities to receive tips; joining the instant action on August 13, 2019, and general complaints regarding uncompensated hours worked.

The answers to these questions will assist all parties in bringing a resolution to this matter. The forergoing provides ample justification to decide this matter finally. Defendants intend to move

for summary judgment because the possible amount of damages of the wage claims were included in a Rule 68 offer, which Plaintiff did not accept; the retaliation claims should likewise be precluded because collateral estoppel effects regarding a Southern District of New York decision, involving Niquan Wallace and Defendants. (tk cite).

**A.       Rule 68 Offer Satisfies all Monies Plaintiff alleges are owed.**

On July 22, 2022, Defendants collectively made an offer, pursuant to Rule 68 of the Federal Rules of Civil Procedure, which expired with no answer as to the terms of that offer. By its language, the terms of the offer were a general release of claims in exchange for a satisfactory amount considering Plaintiff's tenure from May 2019 to December 2019. Subsequently and since then, the parties have been largely silent as to evidentiary requests and depositions. Due to plaintiff Niquan Wallace being the sole remaining member of the purported collective action, and because the short duration of his employment at Red Panda Asian Bistro, Defendant's believe the Rule 68 offer reasonably and completely satisfies all claims Plaintiff currently maintains.

**B.       Retaliation Claims under Federal and State Law are Precluded for Collateral Estoppel, alternately res judicata.**

On March 13, 2023, the Southern District of New York in an opinion by the Honorable Lewis J. Liman, decided an unrelated matter between Niquan Wallace and all Defendants in this matter regarding allegations of retaliation under both New York law and federal law. That opinion was decided on the merits in a motion to dismiss as to the federal claims in favor of Defendants. The Court denied its pendent jurisdiction powers as to the remaining state claims. Further the facts and circumstances of the federal claim that were decided on the merits are revisited in this matter.

Moreover, the determination of the facts in that case are necessarily dispositive of the issues of fact in this matter, even as to the state claims. Under both federal and state law, retaliation claims in the workforce are analyzed under the same legal framework and requiring the same pleading standard. Alternately, res judicata precludes similar facts when they could have been alleged in the first action. *See* Wallace v. Crab House Inc., 1:21-cv-05757 (S.D.N.Y. 2021).

We look forward to discussing the anticipated motion with Your Honor.

Respectfully submitted,

/s/s Hui Chen
Hui Chen, Esq.
Hui Chen & Associates, PLLC
136-20 38th Avenue, Suite 9E
Flushing, NY 11354
Tel: (718) 463-2666
E: hui.chen@alum.cardozo.yu.edu

cc: All Counsel (*via* ECF)