UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KASEY KARAISARIDIS[1] and NIQUAN
WALLACE, individually and on behalf of all other
persons similarly situated,

                                Plaintiffs,

              -against-

RED PANDA ASIAN BISTRO d/b/a Lobster
House, SAN KIT CHENG a/k/a Sam Cheng, and
MENGXING WANG a/k/a May Cheng, jointly
and severally,

                              Defendants.
------------------------------------------------------------- x

**REPORT AND
RECOMMENDATION**

19 Civ. 3780 (ENV) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Niquan Wallace ("Plaintiff") commenced this action against Defendants Red Panda Asian Bistro, doing business as Lobster House ("Lobster House"); San Kit Cheng, also known as Sam Cheng ("Mr. Cheng"); and Mengxing Wang, also known as May Cheng ("Ms. Wang" and, collectively with Lobster House and Mr. Cheng, "Defendants"), asserting claims for unlawful retention of gratuities and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and for failure to pay the minimum wage, overtime pay and spread-of-hours pay; unlawful retention of gratuities; failure to provide the requisite wage notices and wage statements; and retaliation, all pursuant to the New York Labor Law, N.Y. Lab. Law §§ 1 et seq. (the "NYLL"). See generally ECF No. 42.[2] Defendants moved for summary

---

[1] Named Plaintiff Kasey Karaisaridis, as well as opt-in Plaintiffs Dominique Ritchie and Alfonso Eslava Gonzalez, previously resolved their claims in this action. See generally ECF Nos. 80 & 82; 12/5/2023 Order.

[2] Ms. Wang filed and subsequently withdrew a motion to dismiss the amended complaint, see 6/17/2021 Order, and Defendants did not file an answer to the amended complaint. The Court construes Defendants' instant motion as their initial response to the amended complaint. Given

judgment on the basis of res judicata as to Plaintiff's claims for retaliation pursuant to the FLSA

and the NYLL.[3, 4]   See generally ECF Nos. 92-92-1.  Plaintiff opposed.  See generally ECF No.

102-1.  Defendants replied.  See generally ECF No. 94.  For the reasons discussed below, the

respectfully recommends that Defendants' motion to dismiss the retaliation claims be granted.

## I.    BACKGROUND

On August 13, 2019, Plaintiff commenced this action against Defendants, see generally

ECF No. 10, asserting claims for unlawful retention of gratuities and retaliation pursuant to the

FLSA, and for failure to pay the minimum wage, overtime pay and spread-of-hours pay;

unlawful retention of gratuities; failure to provide the requisite wage notices and wage

---

that, although the Court is respectfully recommending that the motion be granted, such recommendation, if adopted, would not resolve all claims in this action, Defendants are to answer the amended complaint by February 13, 2026.  Given that discovery in this action is closed, see 2/1/2022 Order, and that the deadline for commencing dispositive motion practice has passed, see id.; 1/26/2024 Order; 3/7/2024 Order, the parties must file an updated proposed joint pretrial order, see generally ECF No. 74, if necessary, in accordance with the Individual Rules of the District Judge by February 27, 2026.  If any party objects to this report and recommendation, that party may seek a stay of the two aforementioned deadlines from the District Judge.

[3] Although Defendants mention collateral estoppel in passing in their memorandum of law, see ECF No. 92-1 at 5 (describing the motion as a "motion for summary judgment on the collateral estoppel/res judicata ground" (capitalization altered)); id. at 8 (in reciting the summary judgment standard, stating that "[r]es judicata and collateral estoppel are affirmative defenses for which defendants bear the burden of proof at trial" (citation omitted)); see id. at 8, 10-11 (in the section entitled, "Doctrine of Res Judicata," mentioning collateral estoppel alongside res judicata (capitalization altered)), Defendants only argue for the application of res judicata, see ECF No. 92-1 at 11-14, such that the Court limits this report and recommendation to consideration of whether res judicata, as opposed to res judicata and collateral estoppel, applies to Plaintiff's retaliation claims pursuant to both the FLSA and the NYLL.  This approach is consistent with the supplemental filing from Defendants indicating that Defendants did not intend to argue for the application of collateral estoppel.  See ECF No. 104 at 1.

[4] In Defendants' supplement, they confirmed that they are seeking application of res judicata only as to Plaintiff's retaliation claims pursuant to the FLSA and the NYLL.  See ECF No. 104 at 1.

statements; and retaliation pursuant to the NYLL.  See generally ECF No. 42.[5]  Plaintiff's claims and, as relevant here, his retaliation claims, are premised upon his employment at Lobster House from approximately May 27, 2019, to December 21, 2019, see ECF No. 42 ¶ 25, which allegedly culminated in his termination following his complaints about "the illegal pay practices" and his consent to join the instant action, see id. ¶¶ 62-68.

On July 4, 2021, Plaintiff commenced an action in the Southern District of New York captioned Wallace v. Crab House, Inc. et al., No. 21 Civ. 5757 (LJL) (S.D.N.Y. July 4, 2021), against Mr. Cheng; Ms. Wang; Crab House, Inc. ("Crab House"); Songqiang Wang, also known as Song Qiang Wang and John Wang ("Mr. J. Wang"); and Haifan Wang, also known as Hai Fan Wang and Fred Wang ("Mr. F. Wang") (the "SDNY Action").  See generally ECF No. 1.[6, 7] Following the dismissal of the original complaint, see SDNY Action, 5/12/2022 Order, on June 11, 2022, Plaintiff filed an amended complaint, see generally SDNY Action, ECF No. 30.  In the amended complaint, Plaintiff asserted claims for race discrimination under federal, state and

---

[5] Plaintiff Kasey Karaisaridis originally commenced this action on June 28, 2019.  See generally ECF No. 1.  Plaintiff Wallace joined in the action via consent on August 13, 2019, see generally ECF No 1, and upon the filing of the amended complaint on November 30, 2020, see generally ECF No. 42.

[6] Plaintiff's current counsel, John Troy and Aaron Schweitzer, first appeared on his behalf in this action on June 9, 2021.  See generally ECF Nos. 50 & 51.  They filed a motion to substitute counsel on June 11, 2021, see generally ECF No. 52, which was granted shortly thereafter, see 6/17/2021 Order.  The SDNY Action; Wallace v. Crab House, Inc. et al., No. 21 Civ. 5381 (MMG) (S.D.N.Y. June 17, 2021), which is currently stayed pending resolution of Lobster House's liability in this action (the "Stayed Action"); and Wallace et al. v. Cheng et al., No. 713901/2021 (Sup. Ct. Queens Cnty. June 17, 2021), which is currently awaiting trial, without having had dispositive motion practice (the "State Court Action"), were then filed by Plaintiff's new counsel as well.  Tiffany Troy then appeared on behalf of Plaintiff on July 6, 2021.  See generally ECF No. 55.

[7] The Court may take judicial notice of this and other court filings.  See AmBase Corp. v. City Invest. Co. Liquidating Trust, 326 F.3d 63, 72, 74 (2d Cir. 2003) (citation omitted).

local law; a hostile work environment under federal law; and aiding and abetting discriminatory and hostile conduct in violation of state law. See generally id. Plaintiff's claims in the SDNY Action were related to his employment at Lobster House from approximately June 2, 2019, to December 21, 2019, see id. ¶ 6, which ended with his termination following his alleged theft of other employees' tips and payroll information, see id. ¶ 76. Plaintiff named Lobster House as a "Non-Defendant Corporation," id. ¶ 9, and named Crab House as a Defendant under the theory that Crab House was a successor to Lobster House, as "[a]ll Lobster House . . . employees transferred over to Crab House in or around April 2021 when Lobster House . . . closed," id. ¶ 23; Plaintiff does not allege that he worked directly for Crab House. On a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the District Court for the Southern District of New York dismissed with prejudice all of Plaintiff's claims against Crab House, concluding that Plaintiff had not sufficiently alleged Crab House's successor liability, see SDNY Action, ECF No. 36 at 7-18; dismissed with prejudice Plaintiff's claim for race discrimination under federal law against Mr. Cheng, Ms. Wang, Mr. J. Wang and Mr. F. Wang, see id. at 18-30; dismissed with prejudice Plaintiff's claim for a hostile work environment under federal law against Mr. Cheng, Ms. Wang, Mr. J. Wang and Mr. F. Wang, see id. at 30-31; and declined to exercise supplemental jurisdiction over Plaintiff's claims under state and local law, dismissing those claims without prejudice, see id. at 31-32.[8], [9]

---

[8] In their memorandum of law in the present motion, Defendants mention, but do not make any arguments based on res judicata, or otherwise, as to the Stayed Action and the State Court Action.

[9] This Court raised with counsel the pendency of four actions, namely this action, the SDNY Action, the Stayed Action and the State Court Action, which all relate to the same set of alleged underlying facts. See 6/8/2022 Order.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6)[10] permits a party to assert the defense of failure to state a claim upon which relief can be granted by motion.  Res judicata may properly be raised on a motion to dismiss.  See Thompson v. Cnty of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

## III.    DISCUSSION

Res judicata precludes "re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 54-55 (2d Cir. 2018) (applying federal law on res judicata where a district court had previously granted the

---

[10] Although Defendants label their motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), their motion appears to be a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In their motion, Defendants did not provide a statement of undisputed material facts, with citations to the record in this action, as required by Federal Rule of Civil Procedure 56(c) and Local Civil Rule 56.1.  See Fed. R. Civ. P. 56(c)(1) (setting forth the procedure through which "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion," namely by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact"); Loc. Civ. R. 56.1(a) (stating that "any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" and that "[f]ailure to submit such a statement may constitute grounds for denial of the motion").  Rather, in Defendants' memorandum of law, they "accept" certain uncited and unenumerated facts alleged in the amended complaint in this action and in the original or amended complaint in the SDNY Action "as undisputed" for "this motion only." ECF No. 92-1 at 5-6.  Defendants' motion is therefore effectively a motion to dismiss, as Defendants are solely relying upon the facts alleged in Plaintiff's amended complaint in this action and other judicially noticeable information, such that the motion is directed to the pleadings rather than to the evidentiary record.  Accordingly, the Court addresses Defendants' motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

defendants' motion to dismiss in another action (citation & quotations omitted)).[11]  The Court

addresses each of these three considerations in turn below.

### A.      Whether The SDNY Action Involved An Adjudication On The Merits

As to the first consideration, "a dismissal for failure to state a claim operates as a final

judgment on the merits and thus has res judicata effects."  Garcia v. Superintendent of Great

Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016) (citation & quotations omitted); see

Brodsky v. N.Y. City Campaign Fin. Bd. by Weisman, 796 F. App'x 1, 4 (2d Cir. 2019) (as to

the "adjudication on the merits" element, reasoning that, "in Brodsky I, the district court

considered all of Brodsky's claims, including the claim asserted under § 6103, and dismissed the

case in its entirety for failure to state a claim" and that, "[f]or purposes of the doctrine of res

judicata, a dismissal for failure to state a claim is a final judgment on the merits," such that this

element was satisfied because "Brodsky's 2015 action involved an adjudication on the merits"

(citations & quotations omitted)); Hubert v. Dep't of Corr., No. 3:21 Civ. 94 (VAB), 2023 WL

2072500, at *1, *7 (D. Conn. Feb. 17, 2023) (considering the defendant's motion to dismiss the

---

[11] The parties fail to address the appropriate choice of law with regard to res judicata.  See generally ECF Nos. 92-1, 102-1, & 94.  The federal law of res judicata applies here, given that the SDNY Action involved the exercise of federal question jurisdiction and supplemental jurisdiction over state and local law claims.  See In re Residential Cap., LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014) (stating that, "[w]hen federal jurisdiction in a prior case is based on federal question jurisdiction, with the court exercising supplemental – not diversity – jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies" (collecting cases)); Paramount Pictures Corp. v. Allianz Risk Transfer AG, 73 N.Y.S.3d 472, 477 (N.Y. 2018) (reasoning that "federal courts generally apply federal preclusion law where, as here, the prior case involved both federal and state substantive law" and that, "where federal preclusion principles would operate to preclude a claim – and state law principles would yield a conflicting outcome – the federal courts' interest in the integrity of their own processes justifies the displacement of New York law as the federally prescribed rule of decision" (collecting cases) (quotations omitted)); SDNY Action, ECF No. 30 ¶ 3 (describing the bases for jurisdiction as federal question jurisdiction and supplemental jurisdiction).  The cases relied upon by the Court herein all involve res judicata analyses based on federal actions with at least some federal claims, as here.

plaintiff's complaint for sexual harassment, race discrimination, gender discrimination, workplace retaliation and a hostile work environment based on, inter alia, res judicata as to some of the claims; noting that the plaintiff had previously filed two actions for sexual harassment related to the same course of employment, both of which were dismissed on motions for summary judgment, and one action for race discrimination, gender discrimination, workplace retaliation and a hostile work environment, which was dismissed for failure to state a claim upon which relief may be granted; and reasoning, inter alia, that, "for the purposes of claim preclusion, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits," such that the prior dismissal of the plaintiff's claims for failure to state a claim upon which relief may be granted precluded the claims on which the defendants moved to dismiss in the instant action (citations & quotations omitted)), appeal dismissed, No. 230315, 2024 WL 4102028 (2d Cir. Mar. 1, 2024); Mitchell v. Goldman Sachs Grp., No. 18 Civ. 5049 (LLS), 2018 WL 9848166, at *1-2 (S.D.N.Y. Sept. 21, 2018) (reviewing the plaintiff's in forma pauperis complaint and dismissing it with prejudice; noting that the plaintiff's prior complaint for civil rights violations pursuant to 42 U.S.C. § 1983 and claims for "collusion, conspiracy, obstruction, anti-competitive behavior, breach of contract, and tortious interference with contract," purportedly pursuant to various federal statutes "and the doctrine of continuing violation," as well as "state-law claims for breach of contract, interference with contract, and overall bad faith," all related to his employment with Goldman Sachs Group, Inc., was dismissed for, inter alia, failure to state a claim upon which relief may be granted; stating that the plaintiff's complaint in the instant action was "largely a duplicate of" the first complaint, and reasoning that the "[p]laintiff's federal claims relating to his employment at Goldman Sachs and efforts to get

7

disability insurance benefits were dismissed for failure to state a claim" or, "in other words, they were adjudicated on the merits" (footnote & citations omitted)).

In the SDNY Action, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) was granted as to Plaintiff's federal claims for race discrimination and a hostile work environment, with prejudice, but not as to Plaintiff's state and local law claims, over which the Court declined to exercise supplemental jurisdiction and which the Court dismissed without prejudice. See SDNY Action, ECF No. 36 at 1, 32. Therefore, the decision in the SDNY Action constitutes an adjudication on the merits as to the claims adjudicated.

**B.      Whether The SDNY Action Involved Plaintiff Or Those In Privity With Him**

As to the second consideration, Plaintiff in the SDNY Action and Plaintiff in this action are identical. See generally SDNY Action, ECF No. 30; see ECF No. 42.

**C.      Whether The Claims Asserted In This Action Were, Or Could Have Been, Raised In The SDNY Action**

As to the third consideration, a court should address "whether the second lawsuit concerns the same claim – or nucleus of operative facts – as the first suit, applying three considerations: (1) whether the underlying facts are related in time, space, origin or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." Soules, 882 F.3d at 55 (citation & quotations omitted). The retaliation claims pursuant to the FLSA and the NYLL in this action could have been raised in the SDNY Action. Each of the three factors counsels in favor of this conclusion, as the underlying facts are related in time, space, origin and motivation; the underlying facts form a convenient trial unit; and treatment of the underlying facts as a unit would conform to the parties' expectations.

8

First, the alleged facts underlying Plaintiff's claims pursuant to the FLSA and the NYLL in this action are the same as facts alleged in the SDNY Action, except the motivation alleged for Plaintiff's dismissal is different.  Plaintiff's retaliation-based allegations in the EDNY Action are as follows: (1) that he "regularly complained to Defendants about their illegal pay and tip practices," ECF No. 42 ¶ 62; (2) that Plaintiff "specifically complained to . . . [Mr.] Cheng concerning . . . not being compensated for all of his hours worked," id. ¶ 63; (3) that Plaintiff filed a consent to join this action on August 13, 2019, see id. ¶ 64; (4) that Defendants then reduced Plaintiff's work hours in October 2019, see id. ¶ 65; (5) that "Defendants also created a raffle system for assigning sections of tables in the restaurant to servers" and "regularly had Plaintiff . . . select a section last so that he would always receive the worst section, typically the upstairs section of the restaurant," after which "Defendants would then fill the first floor of the restaurant with customers before seating customers upstairs," id. ¶ 66; (6) that Defendants accused Plaintiff "of taking the tips of other waiters . . . and frequently threatened [him] . . . with write-ups," ultimately giving him one write-up, id. ¶ 67; and (7) that, on December 21, 2019, Defendants terminated Plaintiff's employment "for complaining about the illegal pay practices of Defendants, and for joining the instant lawsuit," id. ¶ 68.  As such, the three core retaliatory actions alleged in this action are Plaintiff's assignment to unfavorable sections of the restaurant, false accusations about Plaintiff's work made by Defendants against Plaintiff, and termination of Plaintiff's employment by Defendants.  In the SDNY Action, Plaintiff raises almost identical allegations as to these three sets of actions, except that he ascribes the motivation for the actions as being unlawful race-related discrimination.  See SDNY Action, ECF No. 30 ¶¶ 45-50 (describing the implementation of the system for assignment to sections of the restaurant and Plaintiff's unfavorable assignment); see id. ¶¶ 62-67 (describing false work-related accusations

9

made by Defendants against Plaintiff, including theft of tips from other employees); see id. ¶ 76 (describing Plaintiff's employment termination by Defendants).

Second, Plaintiff's retaliation claims pursuant to the FLSA and the NYLL could have been raised in the SDNY Action. See Soules, 882 F.3d at 56 (reasoning that the two cases at issue "repeatedly link Soules'[s] termination to the same course of unlawful conduct by defendants," such that the termination is "related in time, space, origin, or motivation to the discriminatory and retaliatory conduct" alleged in the first case, and that, as the two cases involve "the same conduct by defendants, there can be no question that addressing all of the claims at once would form a convenient trial unit and would conform[] to the parties' expectations") (citations & quotations omitted)).  The presentation of Plaintiff's claims in each action would likely rely on the same witnesses and documentary evidence concerning the same seven-month period of employment.  The alleged evidence cries out for the same trial court to hear it, were the claims viable.

Third, although Plaintiff tried to get two bites at the proverbial apple by splitting his claims into two actions in two districts, the parties could only realistically believe that the Court would entertain these claims once.  Thus, the parties should expect (even if Plaintiff tried to subvert that expectation) that these employment retaliation and termination claims would be heard together.

In his response to Defendants' supplement solicited by the Court, Plaintiff raises the new argument that he "could not have brought his FLSA and New York Labor Law retaliation claims in the Southern District, because he brought them first in this Court before either Southern District case was initiated."  ECF No. 106 at 2 (citation omitted).  The Court rejects Plaintiff's argument for two independently sufficient reasons.

First, Plaintiff's argument is newly raised and beyond the very limited scope of the recent filing solicited by the Court in December 2025. See generally 12/15/2025 Order. Plaintiff did not raise this argument in his opposition to Defendants' motion. See generally ECF No. 102-1. The Court solicited a supplement from Defendants, and a response thereto from Plaintiff, on two limited issues: (1) whether Defendants "intended to seek relief on the basis of res judicata as to Plaintiff's claims for retaliation pursuant to the FLSA and the NYLL only, or whether Defendants also intended to seek the same relief as to any of Plaintiff's remaining claims, namely those for unlawful retention of gratuities pursuant to the FLSA and failure to pay the minimum wage, overtime pay, and spread-of-hours pay; unlawful retention of gratuities; and failure to provide the requisite wage notices and wage statements pursuant to the NYLL," explaining the proposed application of res judicata to any such claims, and (2) whether Defendants "seek relief based on collateral estoppel grounds and, if so, as to which claims," explaining the proposed application of the doctrine, in addition to res judicata grounds. 12/15/2025 Order. In soliciting such filings from the parties, the Court did not grant leave to raise new arguments beyond the scope of the clarifications sought. Defendants' supplement informed the Court that they are seeking application of res judicata only as to Plaintiff's retaliation claims pursuant to the FLSA and the NYLL and that they are not seeking application of collateral estoppel to any of Plaintiff's claims, see supra, n.3 & n.4, such that further argument in Plaintiff's response, and particularly a new argument directed to Defendants' entire motion, was unwarranted and impermissible.

Second, Plaintiff fails to provide any legal support for the proposition that res judicata may not be applied to an earlier-filed case where a final judgment on the merits is reached first in a later-filed case, and the relevant legal authority holds otherwise. On December 17, 2025, the

11

Second Circuit squarely addressed this issue in holding that, "'when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.'" VDARE Found., Inc. v. James, Nos. 23-1084 (L) & 23-7409 (Con), 2025 WL 3648783, at *6 (2d Cir. Dec. 17, 2025) (quoting Restatement (Second) of Judgments § 14, cmt. a (A.L.I. 1982)) (rejecting the plaintiff's argument "that res judicata should not apply . . . because [the plaintiff] . . . filed its claims in federal court first, before the commencement of the state proceedings," given that "[t]here can be no dispute that the state judgment was rendered ahead of the federal one here" (footnote omitted)); see Restatement (Second) of Judgments § 14, cmt. a (A.L.I. 1982) (stating that "a judgment, otherwise entitled to res judicata effect in a pending action, [is not] to be deprived of such effect by the fact that the action in which it was rendered was commenced later than the pending action"). Although the Second Circuit was applying New York law of res judicata, see VDARE Found., Inc., Nos. 23-1084 (L) & 23-7409 (Con), 2025 WL 3648783, at *3 (stating that, "[b]ecause the New York Supreme Court issued the relevant prior judgment at issue, we apply New York law to determine the preclusive effect of that judgment in this action"), as opposed to federal law of res judicata, which the Court is applying in this action, see supra, n.11, the Court finds the Second Circuit's analysis to be instructive here, particularly given that it relied upon the general principles of res judicata set forth in the Restatement in setting forth its reasoning.

Third, Plaintiff did not face the Hobson's choice he alleges. He could have requested leave to amend his claims in this action without filing the SDNY Action, or he could have withdrawn his consent and set forth a complete set of claims in the SDNY Action. On either

path, he would have properly pursued claims as to his employment conditions and termination in one court. Here, instead, Plaintiff sought multiple opportunities to present these claims with different theories before juries, increasing his possibility of success while unreasonably taxing Defendants' and the Court's resources. Plaintiff was entitled to one opportunity to make out claims related to his allegedly unfair treatment by his employer; that he failed in the SDNY Action does not justify allowing him to try again in the Eastern District of New York.

## III.    CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Defendants' motion be granted, such that Plaintiff's retaliation claims pursuant to the FLSA and the NYLL be dismissed as precluded pursuant to the doctrine of res judicata.

Given that, although the Court is respectfully recommending that this motion be granted, such recommendation, if adopted, would not resolve all claims in this action, Defendants are to answer the amended complaint by February 13, 2026. Given that discovery in this action is closed, see 2/1/2022 Order, and that the deadline for commencing dispositive motion practice has passed, see id.; 1/26/2024 Order; 3/7/2024 Order, the parties must file an updated proposed joint pretrial order, see generally ECF No. 74, if necessary, in accordance with the Individual Rules of the District Judge by February 27, 2026. If any party objects to this report and recommendation, that party may seek a stay of the two aforementioned deadlines from the District Judge.

## IV.    OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge

assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

Dated: Brooklyn, New York
         February 3, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

14